UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIRCH GOLD GROUP, LP<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER N184678, CHUBB UNDERWRITING AGENCIES LTD., AND TALBOT UNDERWRITING LTD.,<br><br>　　　　Defendants. | Case No. 1:20-cv-7750 |

## NOTICE OF REMOVAL

Pursuant 9 U.S.C. § 205 and 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Chubb Underwriting Agencies Limited for and on behalf of Syndicate 2488 (erroneously sued as Chubb Underwriting Agencies Ltd. and Certain Underwriters At Lloyd's Of London Subscribing To Policy Number N184678) ("Chubb") and Talbot Underwriting Ltd. for and on behalf of Syndicate 1183 (erroneously sued as Talbot Underwriting Ltd. and Certain Underwriters At Lloyd's Of London Subscribing To Policy Number N184678) ("Talbot") (collectively "Defendants") file this notice to remove to this Court the civil action captioned *Birch Gold Group, LP v. Certain Underwriters at Lloyd's of London Subscribing to Policy Number N184678, Chubb Underwriting Agencies Ltd., and Talbot Underwriting Ltd.*, Case No. 2020CH05784, originally filed in the Circuit Court of Cook County, Illinois County Department, Chancery Division.

5313559

1

I.   Introduction

1.   On September 9, 2020, Plaintiff, Birch Gold Group, LP ("Birch"), filed a Complaint in the Circuit Court of Cook County, Case No. 2020CH05784, against Chubb and Talbot.  (Exhibit A, Complaint).

2.   This is an insurance coverage action.  Plaintiff alleges that Defendants breached their contractual obligations under an insurance policy by failing to pay for Birch's claimed losses attributable to a subpoena.  (Exhibit A, Complaint, at ¶¶ 47-58).

II.  The Court Has Subject Matter Jurisdiction Because a Federal Question Exists

3.   Removal of this action is proper because there is federal question jurisdiction under 28 U.S.C. §1441(a).  This is a civil action over which this Court has original subject matter jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), codified at 9 U.S.C. § 201 et seq.  It may be removed to this Court pursuant to the removal provisions of that Convention, 9 U.S.C. § 205, because the subject matter of Plaintiff's Complaint relates to an arbitration agreement falling under the Convention:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205.

The Convention further provides as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is

entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

4. In other words, an agreement to arbitrate falls under the Convention if: "(1) there is an agreement in writing [to arbitrate]; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or [ ] the commercial relationship has some reasonable relation with one or more foreign states." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 n. 7 (11th Cir. 2005) (internal quotation marks and citations omitted).

5. The Policy is attached to the Complaint, and includes the provision entitled "XXII. ALTERNATIVE DISPUTE RESOLUTION" which provides as follows:

> The **Insureds** and the **Insurer** shall submit any dispute or controversy arising out of or relating to this Policy or the breach, termination or invalidity thereof to the alternative dispute resolution ("ADR") process described in this section.
>
> Either an **Insured** or the **Insurer** may elect the type of ADR process discussed below; provided, however, that the **Insured** shall have the right to reject the choice by the **Insurer** of the type of ADR process at any time prior to its commencement, in which case the choice by the **Insured** of ADR process shall control.
>
> There shall be two choices of ADR process: (1) non-binding mediation administered by any mediation facility to which the Insurer and the **Insured** mutually agree, in which the **Insured** and the **Insurer** shall try in good faith to settle the dispute by mediation in accordance with the then-prevailing commercial mediation rules of the mediation facility; or (2) arbitration submitted to any arbitration facility to which the **Insured** and the **Insurer** mutually agree, in which the arbitration panel shall consist of three disinterested individuals. In either mediation or arbitration, the mediator or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. In the event of arbitration, the decision of the arbitrators shall be final

and binding and provided to both parties, and the award of the arbitrators shall not include attorneys' fees or other costs. In the event of mediation, either party shall have the right to commence arbitration in accordance with this section; provided, however, that no such arbitration shall be commenced until at least 60 days after the date the mediation shall be deemed concluded or terminated. In all events, each party shall share equally the expenses of the ADR process.

Either ADR process may be commenced in New York, New York or in the state indicated in Item 1 of the Declarations as the principal address of the **Named Insured**. The **Named Insured** shall act on behalf of each and every Insured in connection with any ADR process under this section.

(Policy, Exhibit A to Ex. A, at pp. 27-28). The Complaint alleges a breach of the Policy which contains such language. (Ex. A, ¶ 51).

      6.      The Policy meets the four jurisdictional prerequisites of 9 U.S.C. § 202 and thus falls under the Convention.

           a.      First, the provision entitled "XXII. ALTERNATIVE DISPUTE RESOLUTION" provides for arbitration for a dispute arising out of the Policy. Importantly, while a party can request non-binding mediation in an attempt to resolve disputes under the Policy, Clause XXII makes clear that, if the mediation fails to resolve the dispute, the dispute must be arbitrated, stating: "In the event of mediation, either party shall have the right to commence arbitration in accordance with this section…" Thus, the Policy includes an agreement in writing to arbitrate.

           b.      Second, the arbitration must take place in either New York or California, as the principal address of the Named Insured shown in the Declarations (See Ex. A to Ex. A, p. 7). Both places are located in the United States, which is a party to the Convention.

           c.      Third, the arbitration agreement arises out of the Policy, which is a

     commercial legal relationship among Birch, Chubb and Talbot.

  d. Finally, the Policy and arbitration provision are not entirely between citizens of the United States. Both Chubb and Talbot are incorporated and have their principal place of business in the United Kingdom, and Birch is a citizen of California. (Ex. A, at ¶ 2)

7. As such, this Court has subject-matter jurisdiction over this action because it falls under the Convention. 9 U.S.C. § 203.

8. <u>Removal is timely</u>. Removal under 9 U.S.C. § 205 is timely because no trial has begun in this action. The date of service is not relevant to removal under 9 U.S.C. § 205. *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991); *Preston Guiliano Capital partners LLC v. Underwriters at Lloyd's London*, 2018 WL 4718720, *1 (M.D. Fla. Aug. 31, 2008); *Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F.Supp.2d 1349, 1351 (S.D. Fla. 2003); *Chidambaram v. Sekkappan*, 2014 WL 2118815, *3 (N.D. Ga. May 20, 2014); *Dale Metals Corp. v. Kiwa Chem. Indus. Co., Ltd.*, 442 F.Supp. 78, 81 n.1 (S.D.N.Y. 1977).

### III. The Court Has Subject Matter Jurisdiction Because There Is Complete Diversity Between Plaintiff and Defendants and the Amount in Controversy Exceeds $75,000

9. This Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. §1332(a) and removal is proper under 28 U.S.C. §1441(b) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

10. For the purposes of diversity jurisdiction, a business entity is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 U.S.C. § 1332(c)(1).

11. As explained in more detail below, Plaintiff is a citizen of California while both Chubb and Talbot are citizens of the United Kingdom.

12. The Complaint identifies the following defendants: (1) Certain Underwriters at Lloyd's of London Subscribing to Policy Number N184678, (2) Chubb Underwriting Agencies Ltd. and (3) Talbot Underwriting Ltd. (*See* Ex. A). However, "Certain Underwriters at Lloyd's of London Subscribing to Policy Number N184678" is not an entity capable of being sued. Rather, the Lloyd's insurance market consists of Syndicates that subscribe to policies and each Syndicate, in turn, is made up of individual "members" or "Names." The citizenship of a Syndicate is determined by the citizenship of each of the members that comprise the Syndicate.

13. At the time the Complaint was filed and at the time of removal, Plaintiff was and is a limited partnership organized under the laws of the state of California, with its principal place of business in Burbank, California. (Ex. A, at ¶ 2). Therefore, Plaintiff is a citizen of California.

14. Directors' and Officers' Liability and Company Reimbursement Insurance policy no. B1115N184678 issued to Birch (the "Policy")—the policy at issue in this proceeding—was effective from June 28, 2018 to June 28, 2019. The only Underwriters Subscribing to the Policy are the following two foreign syndicates operating within the Lloyd's of London insurance market: Syndicate 2488 and Syndicate 1183.

15. Chubb Underwriting Agencies Limited is the managing agent for Lloyd's Syndicate 2488 (the syndicate itself is not an actual entity). At the time the Complaint was filed and at the time of removal, Chubb Underwriting Agencies Limited was and is incorporated in the United Kingdom and has its principal place of business located in London, England. The sole member of Lloyd's Syndicate 2488 is Chubb Capital I Limited, which, at the time the Complaint

was filed and at the time of removal, was and is incorporated in the United Kingdom and has its principal place of business located in London, England.

16. Talbot Underwriting Ltd. is the managing agent of Lloyd's Syndicate 1183 (the syndicate itself is not an actual entity). At the time the Complaint was filed and at the time of removal, Talbot Underwriting Ltd. was and is incorporated in the United Kingdom and has its principal place of business located in London, England. The sole member of Lloyd's Syndicate 1183 is Talbot 2002 Underwriting Capital Ltd. At the time the Complaint was filed and at the time of removal, Talbot 2002 Underwriting Capital Ltd. was and is incorporated in the United Kingdom and has its principal place of business located in the United Kingdom.

17. As Plaintiff is a citizen of California, and Chubb and Talbot are citizens of countries other than the United States, there is complete diversity of citizenship.

18. In addition, the amount in controversy exceeds $75,000.00 per defendant, exclusive of interests and costs and, therefore, meet the requirements of 28 U.S.C. § 1332(a). While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because the allegations exceed the jurisdictional minimum of $75,000.00.

19. Where the pleadings provide little information about the value of the claim, a removing party must only establish the amount in controversy by a good faith estimate that is "plausible and adequately supported by the evidence." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* This burden is thus a pleading requirement, not a demand for proof. *Blomberg,* 639 F.3d at 763.

20. The Complaint does not specify the exact amount of damages sought by Plaintiff.

21. In the Complaint, Plaintiff seeks to recover defense costs it incurred in responding to an administrative subpoena, alleging Birch has incurred significant attorneys' fees and out of pocket costs. (See Ex. A, ¶¶ 1, 45, and 51-52). The Complaint states that the subpoena was served on Birch on or about August 28, 2018 (See Ex. A, ¶ 19). By email dated December 13, 2018, Birch's defense counsel provided Chubb and Talbot's coverage counsel invoices and a spreadsheet representing that Birch's attorney's fees and costs in response to the subpoena by that date totaled $208,079.42. (*See* Declaration of Sean Simpson, ¶ 2) The Complaint claims that Birch continues to incur defense costs for the subpoena. (See Ex. A, ¶ 60). Thus, Birch is claiming it has been incurring ongoing attorney's fees and out of pocket costs for over two years, which total well over $208,079.42.

22. Further, Plaintiff seeks punitive damages and attorney's fees in an unstated amount. (See Ex. A, ¶ 67 and prayer for relief). Such allegations should also be considered in calculating the amount in controversy. See *W.C. Motor Company v. Talley*, 63 F.Supp.3d 843, 849 (N.D. Ill. 2014) (stating that punitive damages and attorney fees count towards the amount in controversy).

23. Under the Policy, each defendant would be responsible for 50% of the risk. (Ex. A to Ex. A, p. 45).

24. Thus, based on the allegations in the Complaint, it is apparent that the amount in controversy exceeds the $75,000.00 threshold amount associated with diversity jurisdiction.

25. <u>Removal is timely</u>. A notice of removal on the basis of diversity jurisdiction may be filed within 30 days after the defendant receives a copy, through service or otherwise, of the initial pleading, motion, or other paper from which it may be ascertained that the case is

removable. 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"); *Trobiano v. Lagano*, 2019 WL 3416774, at *3 (D.N.J. July 29, 2019) (following *Murphy Bros.*), *report and recommendation adopted*, 2019 WL 5420290 (D.N.J. Oct. 23, 2019); *Choi v. Greco*, 2019 WL 5678363, at *3 (D.N.J. Aug. 13, 2019) (same), *report and recommendation adopted*, 2019 WL 5678343 (D.N.J. Sept. 3, 2019). As Defendants have not been served, this Notice of Removal is timely.

26. No attempt was ever made to serve Chubb or Talbot directly. Rather, on September 24, 2020, Birch purported to serve the law firm Wilson Elser Moskowitz Edelman Dicker LLP ("Wilson Elser") through CT Corporation with a copy of the Complaint (Exhibit B, Affidavits of Service). This action did not result in valid service on Chubb or Talbot for several reasons. First, the Policy provides that Defendants' agent for service under the Policy is Patrick Kelly, not Wilson Elser. (Ex. A to Ex. A, p. 32) Second, service was rejected by CT Corporation on the basis that the documents provided to CT Corporation did not identify any defendant in this case and, thus, the Complaint was never forwarded to Wilson Elser, Patrick Kelly or either defendant. (Exhibit C, Rejection Letter). By letter dated September 26, 2020, CT Corporation informed Plaintiff's counsel as follows: "Neither the document(s) nor the envelope indicates the name of the entity for which the document(s) is intended. Our company is agent for thousands of

companies and cannot determine the party to which the document(s) is to be forwarded unless the document(s) is directed to a particular entity. [¶] CT was unable to forward." (Ex. C). Third, the Affidavit of Service filed with the court evidences that service was not attempted on either defendant, instead asserting that service was made on defendant Wilson Elser—the Affidavit of Service makes no reference to any defendant in this case (Wilson Elser is not a defendant). (Ex. B). Therefore, service has not yet been effectuated on Defendants.

27. Further, this removal is being filed less than one year after this lawsuit was commenced in state court. Thus, this Notice also complies with the timeliness requirements of 28 U.S.C. § 1446(c)(1).

**IV.  Other Removal Requirements**

28. <u>Removal to proper court</u>. Pursuant to 28 U.S.C. § 1446(a), Defendants filed this notice, as required, "in the district court of the United States for the district and division [Cook County] within which this action is pending."

29. <u>Pleadings and process</u>. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all process and pleadings that have been filed and served in the underlying matter are attached hereto as Exhibit D. A copy of the electronic state court docket is also attached hereto as Exhibit E.

30. <u>Notice to state court</u>. Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice, Defendants are giving notice of removal to Plaintiff, and are filing a copy of this Notice with the Clerk of the Court of the Circuit Court of Cook County, Illinois, County Department Law Division. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit F.

31. All Defendants are represented by the undersigned counsel and consent to the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE**, Defendants hereby remove this case from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois

Dated: December 28, 2020

Respectfully submitted,

By: /s/Jared K. Clapper
Jared K. Clapper
CLYDE & CO US LLP
55 West Monroe, Suite 3000
Chicago, IL 60603
T: (312) 635-7000
F: (312) 635-6950
E: jared.clapper @clydeco.us

Attorneys for Defendant Defendants Chubb Underwriting Agencies Limited for and on behalf of Syndicate 2488 (erroneously sued as Chubb Underwriting Agencies Ltd. and Certain Underwriters At Lloyd's Of London Subscribing To Policy Number N184678) and Talbot Underwriting Ltd. for and on behalf of Syndicate 1183 (erroneously sued as Talbot Underwriting Ltd. and Certain Underwriters At Lloyd's Of London Subscribing To Policy Number N184678)